IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA ADAM SASSER, AIS 322311, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:21-CV-752-WHA-KFP |
| | ) [WO] |
| THOMAS HUGGHINS, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Covington County Jail, filed this 42 U.S.C. § 1983 action alleging that Defendants subjected him to unconstitutional conditions at the jail. He names Thomas Hugghins, Blake Turman, and the Covington County Jail as Defendants. Doc. 1. Upon review, the Court concludes that Plaintiff's claims against the Covington County Jail should be dismissed prior to service of process under 28 U.S.C. § 1915A(b)(1).[1]

The law is settled that, to state a claim for relief under § 1983, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Harvey v. Daniels*, 625 F. App'x 499, 501 (11th Cir. 2015) (citing 42 U.S.C. § 1983 and *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)). State agencies and penal institutions are generally not considered legal entities; therefore, a county jail is not a viable defendant under § 1983. *Burch v. Elmore Cnty. Jail*, No. 2:19-CV-929, 2019 WL 7596251,

---

[1] A complaint filed by a prisoner proceeding in forma pauperis is screened under the provisions of 28 U.S.C. § 1915(e)(2)(B), which require a court to dismiss a prisoner's civil action before service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

at *2 (M.D. Ala. Dec. 11, 2019) (citing *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1343 (11th Cir. 2003) and *Williams v. Chatham Cnty. Sheriff's Complex*, No. 4:07-CV-068, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.")); *see also Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

Accordingly, the Magistrate Judge RECOMMENDS that Plaintiff's claims against the Covington County Jail be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1) and that this case be referred back to the undersigned for additional proceedings.

It is further ORDERED that:

On or before **December 3, 2021**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 19th day of November, 2021.

                                 /s/ Kelly Fitzgerald Pate
                                 KELLY FITZGERALD PATE
                                 UNITED STATES MAGISTRATE JUDGE